Robert A. POLITTE; Joan M. Politte; TRKSS, LLC, Plaintiffs–Appellants,

v.

UNITED STATES of America, Defendant–Appellee.

Robert A. Politte, Plaintiff,

TRKSS, LLC, Plaintiff,

and

Joan M. Politte, Plaintiff–Appellant,

v.

United States of America, Defendant–Appellee.

Robert A. Politte;  Joan M.
Politte, Plaintiffs,

and

TRKSS, LLC, Plaintiff–Appellant,

v.

United States Of America,
Defendant–Appellee.

Nos. 12–55927, 12–55928, 12–55929.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 18, 2014.

Filed Dec. 3, 2014.

As Amended on Denial of Rehearing and
Rehearing En Banc Feb. 17, 2015.

Paula Marie Junghans, Esquire, Caroline Mehta, Zuckerman Spaeder LLP, Washington, DC, Kelly Michelle Politte, Politte Law Offices, LLC, John Debruyn, Debruyn Law Offices, Denver, CO, Steven R. Anderson, Esquire, Brian Frederick Huebsch, Esquire, Nicholas J. Richards, Esquire, Anderson & Jahde PC, Littleton, CO, Robert A. McGuire, III, Esquire, Robert McGuire Law Firm, Lone Tree, CO, for Plaintiffs–Appellants.

Randolph Lyons Hutter, Esquire, Thomas J. Clark, Supervisory, DOJ–U.S. Department of Justice, Washington, DC, for Defendant–Appellee.

Before:  W. FLETCHER and BYBEE, Circuit Judges, and SETTLE, District Judge.*

---

* The Honorable Benjamin H. Settle, District Judge for the U.S. District Court for the Western District of Washington, sitting by designation.

MEMORANDUM **

Taxpayers Robert Politte, Joan Politte, and TRKSS, LLC, appeal from the district court's judgment denying their claims for a tax refund under 26 U.S.C. § 7426(a). We have jurisdiction under 28 U.S.C. § 1291. We review the district court's determination that one party is the "alter ego" of another for clear error. *Wolfe v. United States,* 798 F.2d 1241, 1243 n. 2 (9th Cir.1986). Finding no clear error, we affirm.

This case arises out of the liability of RAJMP, Inc., a California corporation, for unpaid employment taxes. The Internal Revenue Service (IRS). contends that Appellants are liable for RAJMP's unpaid taxes, on the ground that they are the "alter egos" of RAJMP (or, alternatively, held title to certain assets as RAJMP's "nominees"). Appellants disagree. They filed the instant refund suit to recover the value of certain assets sold to satisfy RAJMP's debts. After a bench trial, the district court entered judgment for the IRS, finding both that Appellants were RAJMP's alter egos and that they held title to certain assets as its nominees.

The district court did not clearly err in finding that Robert and Joan Politte were RAJMP's alter egos. Under California law, to "pierce the corporate veil," a creditor must show "(1) that there be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist and (2) that, if the acts are treated as those of the corporation alone, an inequitable result will follow." *Mesler v. Bragg Mgmt. Co.,* 39 Cal.3d 290, 216 Cal.Rptr. 443, 702 P.2d 601, 606 (1985) (internal quotation marks and citation omitted).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Here, ample evidence supported the district court's finding that a "unity of interest and ownership" existed between the Polittes and RAJMP. Robert and Joan Politte were the majority shareholders of RAJMP, exercised substantial control over the corporation's operations, and regularly drew on corporate funds to finance personal expenses. Although Robert exercised more control than Joan, Joan nonetheless served as corporate secretary and signed checks on behalf of RAJMP. The district court's finding that a "unity of interest and ownership" existed between the Polittes and RAJMP is well supported by the record.

The district court did not clearly err in finding that an "inequitable result" would follow from adherence to the corporate form. *See Mesler,* 216 Cal.Rptr. 443, 702 P.2d at 606; *Orloff v. Allman,* 819 F.2d 904, 909 (9th Cir.1987). Here, the record demonstrates that, by 2005, the Polittes owed RAJMP over $1 million, well more than the $343,987.03 recovered by the IRS from the sale of the Polittes' condominiums. The record also supports the district court's finding that the Polittes borrowed money without maintaining corporate formalities. Given that RAJMP had profits to "lend" to the Polittes by virtue of its failure to pay its employment taxes, it would be "inequitable" to prevent the IRS from recovering some portion of those taxes from the Polittes.

The district court also did not clearly err in finding that TRKSS was RAJMP's alter ego. A "unity of interest and ownership" existed between the two corporations: both were owned by the Polittes and led by the same management team, and the Polittes unilaterally made decisions and controlled policies affecting both companies. *See Las Palmas Assocs. v. Las Pal-*

*mas Ctr. Assocs.,* 235 Cal.App.3d 1220, 1 Cal.Rptr.2d 301, 318 (1991). Nor did the district court err in finding that an "inequitable result" would follow from adherence to the corporate form. Without maintaining formalities and, for the most part, without repayment, RAJMP transferred funds to TRKSS for non-RAJMP purposes, such as the financing of TRKSS operations.

Because the district court did not clearly err in finding that Appellants were RAJMP's alter egos, we need not decide whether Appellants also held title to certain assets as RAJMP's nominees.

**AFFIRMED.**